# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:02-CR-0089-JOF |
| | : | |
| | : | CIVIL ACTION NO. |
| DWIGHT WEEMS, | : | 1:03-CV-0386-JOF |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

This matter is before the court on Petitioner's *pro se* motion for re-sentence [39].

On February 7, 2002, Petitioner pled guilty to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a) and 841(b)(1)(C). On September 27, 2002, the court sentenced Petitioner to 156 months' imprisonment, three years' supervised release, and a $100 special assessment. He was represented at plea and sentencing by Steven Frey. Petitioner did not file a direct appeal. Petitioner, proceeding *pro se,* filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 on November 15, 2002, and an amended motion on February 4, 2003.

In that § 2255 motion, Petitioner contended that: (1) his counsel was ineffective because "he never presented my case as an innocent man and never produce[] any evidence they have against me and entered a plea without explaining to me the nature of the plea";

(2) his conviction was obtained by an involuntary confession that was coercive and induced; (3) an "understanding was reached" that he would receive a downward departure if he assisted the government in its investigation; and (4) his sentence was "excessive." In his amended motion, Petitioner argued that his second degree burglary conviction is not a crime of violence that can be used for enhancement as a career offender.

In an order dated May 9, 2003, the court denied Petitioner's motions to vacate sentence pursuant to 28 U.S.C. § 2255. Specifically, the court found that Petitioner's guilty plea was knowing and voluntary, his plea waived his right to directly or collaterally appeal his sentence, his counsel was not ineffective, he was not improperly denied a downward departure, and career offender status was properly applied to him because he had two prior convictions for burglary of a dwelling which qualify as crimes of violence under the Sentencing Guidelines. The court further noted that Petitioner also waived his right to challenge his sentence in a post-conviction proceeding. *See* Plea Agreement, ¶ 9; Plea Transcript, at 23.

In the instant motion for re-sentencing, Petitioner avers that he filed an application for habeas corpus relief in state court to vacate a number of his state court convictions upon which his career offender status at federal sentencing was based. Petitioner received an order from Fulton County Superior Court on January 15, 2009, indicating that some of those convictions had been vacated. Specifically, the habeas corpus order states that Petitioner challenged the following state court convictions:

2

- Fulton County Superior Court (burglary) Case No. A90210 (May 7, 1987)

- Fulton County Superior Court (burglary) Case No. A94662 (January 4, 1988)

- Clayton County Superior Court (theft by taking and theft by receiving) Case No. 90CR184034 (June 29, 1990)

- Fulton County Superior Court (theft by taking) Case No. Z35858 (June 19, 1991)

- Fulton County Superior Court (theft by receiving and possession of cocaine) Case No. Z42876 (December 24, 1991)

- Fulton County State Court (misdemeanor obstruction) Case. No. 150733 (Feb. 24, 1994)

- Atlanta Municipal Court (possession of less than an ounce of marijuana) February 18, 2000

Petitioner had pled guilty to each of these charges, and filed no appeals, but challenged them in state habeas court on constitutional grounds. After addressing various arguments raised by the state, the court granted Petitioner's habeas motion for the following convictions:

- Fulton County State Court (misdemeanor obstruction) Case. No. 150733 (Feb. 24, 1994)

- Fulton County Superior Court (theft by receiving and possession of cocaine) Case No. Z42876 (December 24, 1991)

- Fulton County Superior Court (burglary) Case No. A90210 (May 7, 1987)

3

The court denied Petitioner's application on the remaining convictions.

Based on the January 14, 2009 order, Petitioner asks that the court vacate his previous sentence reached under calculations of career offender status and re-sentence him. The Government has not responded to Petitioner's motion.

At least one of the convictions used to enhance Petitioner's sentence – Fulton County Superior Court (burglary) Case No. A90210 (May 7, 1987) – was vacated by the habeas order of the Fulton County Superior Court. The court will assume for the purposes of Petitioner's order that the vacatur of this one conviction would be sufficient to disrupt Petitioner's career offender status, although Petitioner has numerous other convictions in his criminal history. The court further notes that Petitioner gave up his right to collaterally attack his sentence in his plea agreement. Finally, the court notes Petitioner has already filed a § 2255 motion, and thus, this application would be successive. Petitioner has not sought the requisite permission from the Eleventh Circuit to file a successive petition. However, because the court can dispose of Petitioner's claims on the merits, the court will assume also that Petitioner can overcome any procedural hurdles to challenge his sentence in this manner.

Habeas petitions brought under § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255, ¶ 6. For the purposes of this motion, the limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*, ¶ 6(4). In *Johnson v. United States*, 544 U.S.

295 (2005), the Supreme Court addressed when the one-year statute of limitations in 28 U.S.C. § 2255, ¶ 6(4), begins to run in a case of a prisoner's collateral attack on his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated. *Id.* at 298. The Court found that a vacatur of a state conviction does qualify as a "fact" under ¶ 6(4), and thus, the Court held that "the period begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." *Id.* Such diligence can be shown by Petitioner's prompt filing of a state habeas petition after his federal sentence is imposed. "Once the petitioner has been sentenced in federal court, the significance of inaction [on his part] is clear, and the due diligence clock begins to run." *See Wright v. United States*, 2008 WL 5096876, Case No. 07-15137 (11th Cir. Dec. 4, 2008) (citations and quotations omitted).

Neither Petitioner nor the habeas corpus order of the Superior Court of Fulton County provides the date upon which Petitioner filed his habeas corpus action in state court. As the case law discussed above shows, this date is significant to the due diligence analysis. The court has searched the publicly-available Civil Case records of Fulton County Superior Court to learn that Petitioner filed his state habeas corpus action No. HC00510 on April 10, 2006.

Petitioner was sentenced on September 27, 2002. He filed his state habeas action nearly four years later, on April 10, 2006. Petitioner's motion says nothing about what

5

actions he took between 2002 and 2006. The court finds, therefore, that Petitioner cannot establish that he acted with due diligence in seeking habeas relief in state court after his federal sentence had been enhanced as a career offender. *See*, *e.g.*, *Johnson*, 544 U.S. at 308-11 (finding Petitioner "fell far short of reasonable diligence" by waiting more than three years from date of judgment before filing state habeas action, and "would still have delayed unreasonably" if delay has been only 21 months); *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (finding lack of diligence where petitioner waited almost four years after federal conviction to file state habeas petition); *Wright*, 2008 WL 5096876 (finding no due diligence in two-year period between federal sentencing and filing of state court habeas proceeding); *United States v. Griffin*, 134 Fed. Appx. 277 (11th Cir. 2005) (finding three-year delay between imposition of federal sentence and filing of state habeas motion "unreasonable" under *Johnson*).

AO 72A
(Rev.8/82)

For the foregoing reasons, the court DENIES Petitioner's motion for re-sentence [39].

**IT IS SO ORDERED** this 20th day of April 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)